**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO., )<br>    **Plaintiff,**                         )<br>                                           )<br>v.                                             )<br>                                           )<br>**GERTRUDE BILLINGSLEY,**       )<br>    **Defendant.**                          ) | **Civil Action No. 09-0267-KD-C** |

**ORDER**

This matter came before the Court for a non-jury trial on October 18, 2010 in Selma, Alabama. Upon consideration of the documentary and testimonial evidence presented at trial and all other pertinent portions of the record, the Court makes the following findings of fact and conclusions of law:

**I.**     <u>**Procedural Background**</u>

Plaintiff State Farm Fire and Casualty Company ("State Farm") initiated this litigation on May 12, 2009, by filing a Complaint for a declaratory judgment against Defendant Gertrude Billingsley ("G.Billingsley"), alleging that the $120,300 insurance policy it issued to G. Billingsley for her manufactured home ($60,000 for dwelling and $60,300 for contents) is void and that State Farm is not obligated to pay any benefits to her based upon her misrepresentations and concealment after a fire loss on September 5, 2008. (Doc. 1). Specifically, State Farm alleges that G. Billingsley submitted documentation in the form of Proof of Loss and Personal Property Inventory Forms falsely claiming contents valued at more than $60,000 were destroyed in the fire. (<u>Id</u>.) State Farm asserts further, that it paid $2,780.80 to G. Billingsley or on her behalf for Additional Living Expenses as well as advanced G. Billingsley $4,250 to be applied to the contents coverage, and that

1

it is entitled to receive from G. Billingsley the benefits previously paid to or on her behalf. (Id.)

As relief, State Farm seeks a declaration from this Court that the policy is void, that it has no duty to pay any insurance benefits to G.Billingsley as a result of the loss, and that Billingsley must repay to State Farm the $7,030.80 that it paid to or on behalf of G.Billingsley. (Id.) In her Answer, G.Billingsley denies State Farm's allegations and asserts a counterclaim against State Farm for breach of contract (and a bad faith claim which was resolved on summary judgment) for State Farm's failure to pay the full amount on the policy, alleging that State Farm's assertion of misrepresentation was pretext to deny her claim and that she is due to be paid the full amounts under her policy. (Doc. 7).

## II. **Findings of Facts**

In 2006, Gertrude Billingsley purchased a 2001 manufactured home for $32,230. She financed the home through a mortgage company. The home initially was insured through a company selected by her mortgage company. In July 2008, G. Billingsley applied for and received a manufactured home insurance policy from State Farm. The policy provided coverage of $60,000 for the dwelling and $60,000 for contents.[1] (Trial Exh. 9). The policy issued by State Farm to G. Billingsley for the manufactured home contained the following relevant conditions:

> SECTION I - SECTION II CONDITIONS
> \* \* \*
> 2. Concealment or Fraud. This policy is void as to you and any other insured if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after the loss.

(Trial Exh. 9 at 18).

---

1 State Farm determined that the 2001 manufactured home had a NADA Book Value of $21,429. (Trial Exh. 4 at note 204). State Farm provided no explanation for their decision to provide coverage of $60,000 for the home.

On September 8, 2008,[2] a fire completely destroyed G. Billingsley's home and the contents inside the home.[3] State Farm paid $2,780.80 for Additional Living Expenses and advanced $4,250 for the contents coverage; $3000 of the advance was given to G. Billingsley within a week of the fire. (Trial Exh. 4 at notes 10, 60, 63).

On November 3, 2008, G. Billingsley submitted documentation to State Farm in the form of a Sworn Statement in Proof of Loss ("POL") and a 14 page sworn Personal Property Inventory Form ("PPIF"), detailing the contents of her home at the time of the fire. (Trial Exhs. 6, 7 and Exh. 4 at note 60). In the PPIF, G. Billingsley claimed contents with a replacement cost in excess of $60,000[4], acquired within 1-3 years of the fire, as having been destroyed. Items listed on the PPIF which G. Billingsley claims that she acquired within the year between September 8, 2007 and September 8, 2008 total over $34,000.

In the tax year 2006, G. Billingsley had reported income of $13,070 and in the 2007 tax year, G. Billingsley had reported income of $12,464. (Trial Exhs. 2, 3). In 2007, G. Billingsley claimed two dependents, Jeremiah Billingsley (son) and Marie Billingsley (sister). (Id.) G. Billingsley also received from Social Security, in the year prior to the fire, payments of $11,544; $235/month for her son and $727/month for her disabled spouse.[5] In approximately May 2008, G. Billingsley became

---

[2] The parties alleged in their complaint and counterclaim that the fire occurred on September 5, 2008. However, the evidence presented at trial on the issue indicates that the fire occurred on September 8, 2008. (Exh. 4 at notes 1, 5).

[3] State Farm has offered evidence that G. Billingsley provided false information concerning her financial condition, including failing to divulge that at that time at the fire she was in arrears on her mortgage in the amount of $1,293. State Farm also offers other evidence which appears to be an effort to raise suspicions regarding the cause of the fire. Because State Farm has not alleged arson, the court has considered this evidence only in the context of evaluating G. Billingsley's veracity.

[4] The items in G. Billingsley's PPIF come to a total of $89,831.81 in personal property.

[5] G. Billingsley testified that although she had been separated from her spouse for over 18 months before the fire, she

unemployed and remained unemployed through the date of the fire.

In the year prior to the fire, G. Billingsley had expenses per month of $1083 ($12,996/yr): $100 (hairdresser), $368 (mortgage), $90 plus (utilities), $25 (cell phone), $250 (car note) and $250 (food). G. Billingsley did not have any money in savings. There was no evidence that G. Billingsley had outstanding credit card debt or other lines of credit other than her car note.

On April 24, 2007, G. Billingsley filed a Chapter 13 bankruptcy proceeding in the United States District Court for the Southern Division of Alabama (Case No. 0711090) in which she represented to the Bankruptcy Court, under penalty of perjury, that she owned personal contents/household goods with a current value of $774 ($50 in clothing, $50 in jewelry, $665 in household goods and furnishings). (Trial Exh. 1, Schedule B).

G. Billingsley testified at trial that the furniture, which she claimed on the PPIF to have a replacement cost of $28,400 and to be 2-3 years old, was given to her by relatives and friends, including her mother-in-law. G. Billingsley also confirmed that she made purchases of merchandise totaling over $34,000 in the year prior to the fire.

G. Billingsley presented testimony from Marie Billingsley, her mother–in-law, that the house was fully furnished. No further testimony was elicited from Marie Billingsley.

The evidence also included one receipt dated February 14, 2008, showing the purchase of a living room set, three-piece coffee table set, dining room table and two lamps from D&J Discount in the amount of $1,636.90. (Trial Exh. 13).

### III. Conclusions of Law

#### A. Misrepresentation in Billingsley's Claim to State Farm

---

still received his Social Security benefits and that she received income from her spouse from roofing work for which he was paid cash.

State Farm contends G. Billingsley made material misrepresentations after the fire loss thereby voiding the insurance policy. Specifically, State Farm claims that G. Billingsley made material misrepresentations in an effort to defraud State Farm by inflating her contents claim and denying her poor financial condition.

In Alabama, "[n]o misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy." Ala. Code § 27-14-28 (emphasis added). See also Ex parte State Farm Fire and Cas. Co., 523 So.2d 119, 121 (Ala. 1988) (under Alabama law, "where an insured materially misrepresents to an insurer the proof of his loss with an intent to deceive, the insurer need not honor, and pay pursuant to, the contract of insurance") (emphasis in original); Howe v. Allstate Ins. Co., 2008 WL 559578, *1 (N.D. Ala. Feb. 13, 2008) ("the language in Alabama Code § 27-14-28 is built into every casualty insurance policy issued in Alabama" and an insurer "cannot contract around it").

At trial, the evidence and testimony reveal that G. Billingsley made material misrepresentations with the intent to deceive State Farm regarding the amount of personal property loss incurred due to the September 2008 fire. Specifically, G. Billingsley's claims regarding the contents of her home on the PPIF are incredible in light of the evidence regarding her income. Moreover, the court finds that G. Billingsley's veracity is at best questionable.

As to the determination of G. Billingsley's veracity, the evidence supports several instances of G. Billingsley's intentionally providing false information under oath. The most recent was at the trial when G. Billingsley claimed that in June 2008 her spouse received a "lawsuit" payment of $9,000 (part of a settlement with Skinner Furniture due to a head injury he received). However, this

5

testimony was clearly refuted by the Order on Judgment in the case which indicates that the last payment before the fire was due on June 8, 2004 and was for $7400. (Trial Exh. 17).

Other occasions of G. Billingsley failing to provide truthful information include the declaration on her 2007 tax return that Marie Billingsley was her sister and was her dependent. G. Billingsley acknowledged that both of these claims were false and that she knew they were false when she swore under oath that they were true. Also, G. Billingsley acknowledged that on her bankruptcy filings, filed under oath, that she failed to list the totality of her assets because she only listed what "was needed to get out of her car payment."

Regarding the PPIF submitted by G. Billingsley and relied upon by State Farm, it is clear that the PPIF contains numerous falsehoods submitted with the intent to deceive State Farm into paying an inflated claim. First, G. Billingsley's income could not support the amount of purchases that she claims in the year prior to fire. G. Billingsley claims that she paid <u>cash</u> for over $34,000 in merchandise, but also claims approximately $13,000 in expenses for the year for a total outlay of $47,000. The credible evidence establishes that G. Billingsley at best had an income of $24,000/year (W-2 income and Social Security payments).

Also, the evidence further supports a finding of intent to deceive by G. Billingsley based on the replacement cost she listed on the PPIF for many of the items. A glaring example is that she listed on her bankruptcy petition that she owned a television with a current value of $25. However, on the PPIF she claimed as lost in the fire a two year old big screen television with a replacement cost of $3,200. Other furnishings, *e.g.*, bedroom and living room furniture, that she claimed to have acquired in the 2-3 years before the fire are listed on the bankruptcy form as valued at less than 1% of the replacement cost alleged on the PPIF. Moreover, when presented with these replacement

costs claims at her examination under oath, G. Billingsley readily admitted that the estimated replacement costs were too high. G. Billingsley claims that the replacement costs listed on the PPIF were merely guesses and that she had no intent to deceive. However, based on G. Billingsley demonstrated lack of veracity, the court gives no credence to this explanation.

Accordingly, the court finds that State Farm has sustained its burden to show that the policy is void based on G. Billingsley's intentional material false statements contained in the PPIF and POL and submitted on November 3, 2008. Thus, State Farm has no duty to pay any insurance benefits to G. Billingsley as a result of the loss.

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. As to the recovery of the $7,030.80 previously paid by State Farm, the court finds that G. Billingsley should return $4,030.80 of the advance paid by State Farm. The amount is reduced from $7,030.80 by $3,000, because the evidence indicates that $3,000 of was a benefit paid for living expenses and that this benefit was paid prior to the acts occurring on November 3, 2008 which voided the policy

**B.      Billingsley's Counterclaim: Breach of Contract**

"General contract law requires a court to enforce, as it is written, an unambiguous and lawful contract." Drummond Co. v. Walter Industries, Inc., 962 So.2d 753, 780 (Ala. 2006). Because the contract is void, G. Billingsley's breach of contract counterclaim fails.

**IV.     Conclusion**[6]

Based upon the foregoing, the Court **DECLARES** that the insurance policy at issue in this

case is **VOID** due to G. Billingsley's post-loss misrepresentations such that State Farm has no duty to pay any insurance benefits to G. Billingsley as a result of the loss. Additionally, it is **ORDERED** that G. Billingsley shall **REIMBURSE** State Farm the sum of **$4,030.80** for those reasons stated *supra*.

It is further **ORDERED** that the court finds in favor of State Farm on G. Billingsley's breach of contract counterclaim.

A separate <u>Judgment</u> shall issue contemporaneously with this Order.

**DONE** and **ORDERED** this the **20th** day of **October 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

6 Based on this finding the court finds plaintiff's motion for judgment as a matter of law **MOOT.**